**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRE' BOSTON, | No. 13-17140 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01782-KJM-DAD |
| v. | |
| V. GARCIA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

California state prisoner Andre' Boston appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to

his serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly granted summary judgment on Boston's claims against Garcia, Alkire, and Renauld because Boston failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent to his lung disease by not transferring him to a lower altitude prison. *See Toguchi*, 391 F.3d at 1057-60 (deliberate indifference is a high legal standard, and is met only if the prison official knows of and disregards an excessive risk to the prisoner's health; negligence and a mere difference in medical opinion are insufficient).

The district court properly dismissed Boston's claims against the remaining defendants because Boston failed to allege facts showing that these defendants knew of and disregarded an excessive risk of harm to his health. *See id*.

The district court did not abuse its discretion in denying Boston's motions to appoint counsel because Boston did not establish exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

The district court did not abuse its discretion in granting defendants' motion to extend discovery and withdraw admissions or in denying Boston's motion to

find defendants' responses insufficient. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 609 (9th Cir. 1992) (standard of review and requirements to modify a scheduling order under Fed. R. Civ. P. 16(b)(4)); *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247-48 (9th Cir. 1981) (standard of review of order regarding withdrawal of admissions under Fed. R. Civ. P. 36(b) and of order regarding sufficiency of discovery responses under Fed. R. Civ. P. 36(a)).

Defendants' request for judicial notice, filed on May 5, 2014, is denied as unnecessary.

**AFFIRMED.**